ADAMS COUNTY, Petitioner, v. A. R. MAXWELL, Judge, Respondent.

CERTIORARI: Return—Estoppel to Question. A respondent in certiorari may not complain if the court which issues the writ accepts his certified return.

INFANTS: Mothers' Pensions—Residence Only Essential. The jurisdiction of the juvenile court to adjudicate and order the payment by the county of a ''pension'' to the mother of indigent, dependent, minor children depends, *inter alia*, not on a finding of *legal settlement* of the mother in the county, within the meaning of Sec. 5311, Code of 1924, but on a finding of *residence* in the county by the mother for one year.

Headnote 1: 11 C. J. p. 182 (Anno.)  Headnote 2: 31 C. J. p. 994.

Headnote 1: 5 R. C. L. 266.

*Certiorari to Adams District Court.*—A. R. MAXWELL, Judge.

FEBRUARY 8, 1927.

Certiorari to review the action of the respondent, district judge. The facts are stated in the opinion.—*Writ annulled.*

*Ed. Fackler, Jr.,* for petitioner.

*Lee R. Watts,* for respondent.

VERMILION, J.—This is an original proceeding in this court by a writ of certiorari, issued by a judge of this court on the petition of Adams County, to review the action of the respondent, a judge of the district court of Adams County, in ordering the payment by the petitioner to one Dolly Simmons of what is commonly called a widow's pension of $2.00 per week, to aid her in the support of her four children under 16 years of age.

I. Various objections by motion and denial of the abstract are made to the record presented. The record is found in the return to the writ made by the respondent and filed in this

1. CERTIORARI:
return: estoppel
to question.

court. The abstract fairly presents the matter of the return. The respondent made the record below, and presented it here in his return. He cannot complain if we accept the record he so made and certified to us. The motions to strike the abstract and parts thereof are overruled.

II. We shall assume, without, however, so deciding, that certiorari is a proper remedy, and available to petitioner.

The statute under which the respondent acted in making the order complained of is Section 3641 of the Code of 1924. The only complaint made by the petitioner is that Dolly Simmons,

2. INFANTS:
mothers' pen-
sions: residence
only essential.

to whom the allowance of the so-called widow's pension was made, did not, at the time, have a legal settlement in Adams County, within the purview of Section 5311 of the Code of 1924, relating to the support of the poor.

The following facts are shown by the record: Dolly Simmons and her husband, George Simmons, with their children, had resided in Taylor County. They had received aid from the poor fund in that county. They moved to Adams County in April, 1924. The husband and father continued to reside in Adams County until his death, in December, 1925, and the widow and children have resided there continuously since their removal from Taylor County. On February 3, 1925, the board of supervisors caused to be served on George Simmons a written order or warning to depart from Adams County. A like warning, addressed, however, to Ellen Simmons, was served on Dolly Simmons on January 19, 1926. See Sections 5311 and 5315 of the Code. The application of Dolly Simmons for aid in the support of her children under sixteen years of age was filed on January 11, 1926.

Section 3641 provides that, "if the juvenile court finds of record that the mother of a neglected or dependent child is and has been a resident of the county for one year preceding the filing of the application, and is a widow and a proper guardian, but, by reason of indigency, is unable to properly care for such child, and that the welfare of said child will be promoted by remaining in its own home," the court may, on prescribed notice to the chairman of the board of supervisors, determine the amount, not exceeding $2.50 per week, necessary to enable the

mother to properly care for the child, and the amount shall be caused by the board of supervisors to be paid from the county treasury.

This section requires the court to find that the applicant is, and has been for a year previous, a resident of the county. It is worthy of note that provision for the payment by the county to an indigent widow of a sum to aid in the support of her dependent children was originally enacted by the thirty-fifth general assembly (Section 254-a20, Code Supplement, 1913) as an amendment to Section 8, Chapter 11, Acts of the Thirtieth General Assembly, providing for a juvenile court, and relating to the treatment and control of dependent, neglected, and delinquent children. The only reference to the *locus* in the original act is in Section 3 (Section 254-a15, Code Supplement, 1913), providing that a reputable resident of the county having knowledge of a child in his county that appears to be dependent, neglected, or delinquent may invoke the jurisdiction of the court in respect to such child. The first act authorizing aid to an indigent widow (Chapter 31, Acts of the Thirty-fifth General Assembly) contained no reference to the residence of the widow or the children. By Chapter 252, Acts of the Thirty-ninth General Assembly, it was first provided that a widow, to receive such aid, must be ''a resident of the county where aid is applied for.'' The present statute, as we have seen, requires that she shall have been a resident of the county for one year.

The history of the legislation is of some importance, as showing that it is not an elaboration of the provisions made for the support of paupers at public expense, but is, both in fact and in purpose, an integral part of statutory provisions designed to secure better control of, and better living conditions for, neglected, delinquent, or dependent children, to the end that they may not become paupers or criminals, but may have opportunity to become useful members of society. It is apparent, too, that the present requirement of one year's residence in the county has been the result of gradual changes, and was doubtless made to meet the need of greater certainty in the law.

That there is an essential difference between residence and a legal settlement, within the meaning of the statutes relating to the support of paupers, is apparent from a consideration of those statutes themselves. By Section 5311 it is provided that an

adult may acquire a settlement in the county of his residence by residing there one year, without warning to depart. Under Section 5315, a person cannot, after such warning, acquire a settlement, except by the requisite residence of one year without further warning. It would seem that one might be a resident of a county for years, and yet, by reason of successive and timely warnings to depart, never acquire a legal settlement there.

The legislature has seen fit to make residence for one year on the part of the widow, and not legal settlement under the Pauper Acts, requisite to an allowance of public aid in the support of her children, under Section 3641.

That the applicant, Dolly Simmons, was, at the time of making application for aid, and had been, for more than a year, a resident of Adams County, is undisputed. Whether, by reason of the warning given her husband, she had acquired a legal settlement in the county was wholly immaterial.

The writ will be—*Annulled.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.